IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YUNG-KAI LU,<br><br>      Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, et al.,<br><br>      Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-00984-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 5.) Pro se Plaintiff, who proceeds in forma pauperis, is Yung-Kai Lu. On October 28, 2013, Plaintiff filed his original complaint with the Court. (Dkt. No. 3.) On April 18, 2014, this Court ordered Plaintiff to amend his complaint to comply with Fed. R. Civ. P. 8 and DUCivR 3-5. (Dkt. No. 7.) On June 25, 2014, Plaintiff emailed an unsigned copy of his first amended complaint to the Court. (Dkt. No. 9.) Plaintiff was instructed to mail a hard copy of his first amended complaint as well.

## II.     LEAVE TO FILE SECOND AMENDED COMPLAINT

On approximately September 23, 2014, the Clerk of Court received a hard copy of a complaint from Plaintiff. However, it does not match the emailed complaint at Docket No. 9. The hard copy complaint identifies different Defendants and new claims.

The Court interprets Plaintiff's new filing as a second amended complaint. The Court also liberally construes it as a motion for leave to file a second amended complaint. The proposed complaint does not fundamentally differ from the emailed complaint at Docket No. 9. Given this situation and Plaintiff's pro se status, the Court **GRANTS** Plaintiff leave to file his second amended complaint.

### III. SERVICE OF SECOND AMENDED COMPLAINT

With his original complaint, Plaintiff mailed the Clerk of Court summons for the following individuals: (1) Lori McDonald; (2) Donn Schaefer; (3) George Marie; (4) Chalimar Swain; (5) Charles A. Wight; (6) Charles Piele; and (7) Miguel Chaqui. Plaintiff arranged for his server to pick up these summons from the Clerk of Court and to serve the summons on these individuals.

The Clerk of Court still has the summons for these seven individuals. All these individuals except for George Marie are named as Defendants in Plaintiff's second amended complaint. However, Plaintiff never mailed summons for the following Defendants named in Plaintiff's second amended complaint: (1) the University of Utah, and (2) Robert Baldwin. To arrange for complete service of the summons and second amended complaint, the Court **ORDERS** Plaintiff to mail the Clerk of Court summons for these two Defendants.

### IV. ORDERS

The Court **GRANTS** Plaintiff leave to file a second amended complaint. The Court instructs the Clerk of Court to docket the complaint Plaintiff mailed on approximately September 23, 2014 as his second amended complaint.

The Court **ORDERS** Plaintiff to mail summons to the Clerk of Court for the following Defendants: (1) the University of Utah, and (2) Robert Baldwin. Plaintiff must mail these summons to the Clerk of Court by **November 28, 2014**. Once the Clerk of Court receives these

summons, it will contact Plaintiff's server to pick up the second amended complaint, these new summons, and the previously mailed summons.

The Court **ORDERS** Plaintiff to file proof of service of the summons and second amended complaint on all Defendants identified in Plaintiff's second amended complaint by **December 19, 2014**.[1]  If Plaintiff fails to file proof of service by December 19, 2014, this Court will recommend dismissing Plaintiff's second amended complaint for failure to prosecute.

Dated this 1st day of October, 2014.                By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[1] This service will not include George Marie because he was not identified as a Defendant in Plaintiff's second amended complaint.